IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CR-2-D

|                           |   |        |
|---------------------------|---|--------|
| UNITED STATES OF AMERICA  | ) |        |
|                           | ) |        |
| v.                        | ) | ORDER  |
|                           | ) |        |
| ANTHONY JEROME MCLEAN,    | ) |        |
|                           | ) |        |
| Defendant.                | ) |        |

On June 22, 2020, Anthony Jerome McLean ("McLean" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) and filed an exhibit in support [D.E. 422]. On August 12, 2020, McLean, through counsel, filed a memorandum in support [D.E. 426]. On August 25, 2020, the government responded in opposition and filed an exhibit in support [D.E. 428, 429]. On August 31, 2020, McLean replied [D.E. 432]. As explained below, the court denies McLean's motion.

I.

On November 10, 2015, with a written plea agreement, McLean pleaded guilty to engaging in a criminal enterprise. See [D.E. 262, 264]. On April 12, 2016, the court held McLean's sentencing hearing and adopted the facts as set forth in the Presentence Investigation Report ("PSR"). See [D.E. 338, 344]. The court determined McLean's total offense level to be 36, his criminal history category to be II, and his advisory guideline range to be 210 to 262 months' imprisonment. See PSR [D.E. 338] ¶ 92. After granting the government's downward departure motion and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court

sentenced McLean to 168 months' imprisonment. See [D.E. 341, 344, 345]. McLean did not appeal.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another

2

extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

      (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

      (ii) The defendant is—

         (I) suffering from a serious physical or medical condition,

         (II) suffering from a serious functional or cognitive impairment, or

         (III) experiencing deteriorating physical or mental health because of the aging process,

         that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

   (C) Family Circumstances.—

      (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

      (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, 997 F.3d 181, 186 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir. 2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "[section] 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31. Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 997 F.3d at 186; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States

---

> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

On May 5, 2020, McLean claims he submitted a compassionate release request to the warden, but received no response. See [D.E. 426] 1–2; [D.E. 422-1]; [D.E. 432] 1. The government has invoked section 3582's exhaustion requirement. See [D.E. 428] 14–15; United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Nonetheless, the court assumes without deciding that McLean has exhausted his administrative remedies and addresses McLean's claim on the merits.

McLean seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, McLean cites the COVID-19 pandemic, his age (36), and his medical conditions, including severe asthma, hypertension, and pre-diabetes. See [D.E. 422] 3–4; [D.E. 426] 3; [D.E. 429]; [D.E. 432] 1–2. McLean also cites the conditions at FCI Forrest City, his rehabilitation efforts, that he has served over 30 percent of his sentence, and his release plan. See [D.E. 422] 3–5; [D.E. 426] 5–7.

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition . . . from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although McLean states that he suffers from severe asthma, hypertension, and pre-diabetes, he has not demonstrated that he is not going to recover from these conditions or that they cannot be treated while McLean serves his sentence. Accordingly, reducing McLean's sentence is not consistent with application note 1(A).

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

5

See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, McLean's medical conditions, age, rehabilitation efforts, that he has served over 30 percent of his sentence, and his release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing McLean's sentence. See High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

McLean is 36 years old and engaged in terrible, violent criminal conduct between January and December 2014. See PSR ¶¶ 36–49. McLean directed the MOB street gang's drug trafficking operations in Clarkton and Whiteville, North Carolina. See id. McLean was responsible for the distribution of 0.3076 grams of heroin, 27.64 grams of cocaine, and 9.74 grams of methamphetamine. See id. ¶ 49. McLean participated in the attempted murder of Houston Smith, a rival drug dealer and gang member, and planned the shooting of another. See id. ¶¶ 42, 44, 46, 49. McLean is a recidivist with convictions for unauthorized use of a motor vehicle, possession of marijuana, possession with intent to sell and deliver marijuana, giving, lending, or borrowing a license plate, and fictitious information to an officer. See id. ¶¶ 54–58. McLean also has performed poorly on supervision. See id. ¶¶ 54, 56. Although McLean has taken some positive steps while incarcerated on his federal sentence, he has sustained disciplinary infractions for destroy/dispose item-search and possessing a hazardous tool (i.e., a cell phone). See [D.E. 422] 3; [D.E. 426] 6–7;

item-search and possessing a hazardous tool (i.e., a cell phone). See [D.E. 422] 3; [D.E. 426] 6–7; [D.E. 428-1]. The court views the possession of a cell phone in custody as serious misconduct. Cf. United States v. Melton, 761 F. App'x 171, 172–78 (4th Cir. 2019) (per curiam) (unpublished).

The court has considered McLean's exposure to COVID-19, his medical conditions, age, rehabilitation efforts, that he has served over 30 percent of his sentence, and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Having considered the entire record, the steps that the BOP has taken to address COVID-19, the section 3553(a) factors, McLean's arguments, the government's persuasive response, McLean's serious misconduct in prison, McLean's terrible criminal behavior, and the need to punish McLean for his terrible criminal behavior, to incapacitate McLean, to promote respect for the law, to deter others, and to protect society, the court declines to grant McLean's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); High, 997 F.3d at 187–91; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

II.

In sum, the court DENIES McLean's motion for compassionate release [D.E. 422].

SO ORDERED. This 14 day of June 2021.

JAMES C. DEVER III
United States District Judge

7